IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

FILED

4:34 pm, 4/13/23

**Margaret Botkins
Clerk of Court**

| | |
|---|---|
| HENRYKH KODZIS, LIUDMILA KANDRATOVICH,<br><br>Plaintiffs,<br><br>vs.<br><br>THE ESTATE OF YURIY PRONEVICH, THROUGH ITS PERSONAL REPRESENTATIVE, AARON BEDY, *et. al.*<br><br>Defendants. | Case No.  1:22-CV-00242-ABJ-SAH |

## ORDER GRANTING MOTION FOR LEAVE TO JOIN NEW PARTIES

Before the Court is Plaintiffs' Motion for Leave to Join New Parties. ECF No. 16. Plaintiffs, Henrykh Kodzis and Liudmila Kandratovich, filed an Amended Complaint incorporating the additional Defendants: Carolina Logistic Inc., Carolina Transportation Inc., and John Does 1-3, alleging claims involving a vehicle accident on November 24, 2018. ECF No. 15. Plaintiffs filed the Motion out of an abundance of caution to request leave of the Court to join new Defendants in their timely filed Amended Complaint. ECF No. 16.

The Court having fully and carefully considered the Order on Initial Pretrial Conference [ECF No. 14], Motion [ECF No. 16], Response [ECF No. 21], Reply [ECF No. 24], and being advised in the premises, FINDS:

## BACKGROUND

On November 24, 2018, a single-vehicle accident occurred in Sweetwater County, Wyoming.[1] The driver, Defendant Yuriy Pronevich, accompanied by co-drivers, Plaintiffs, Kodzis and Kandratovich, were heading east on Interstate 80 around Table Rock in a 2019 Freightliner Cascadia. Pronevich, an employee of Defendants Carolina Logistic, Carolina Transportation, and John Does 1-3, lost control of the Freightliner and slid into the median, where it rolled. The road conditions were poor due to snow and ice on the roadway. The Plaintiffs were both seriously injured and rushed to Memorial Hospital of Sweetwater County by emergency personnel. Wyoming Highway Patrol's Trooper Barry Tippy investigated the accident and determined Pronevich was traveling too fast for the winter road conditions, causing the accident.

Prior to the filing of the Complaint, Plaintiffs' original counsel, Steven Weier, was in contact with AmTrust, the insurance company covering Defendant Pronevich. ECF No. 24-1. AmTrust represented that Defendant Pronevich and Plaintiffs were considered independent contractors and did not qualify for coverage under the insurance policy. Weier was also in contact with newly named Defendants, Carolina Logistic and Carolina Transportation. Plaintiffs filed their original Complaint with the U.S. District Court for the District of Wyoming on November 23, 2022. ECF No. 1. In the Complaint, Plaintiffs only name Defendant Pronevich. Once the Complaint was filed, Defendant's counsel represented that the Plaintiffs and the Defendant were actually classified as employees of Carolina Logistic and Carolina Transportation and that the insurance policy did not cover claims by co-employees. ECF No. 24 at 3.

As directed by Federal Rules of Civil Procedure Rule 26(f) and the District Court, Plaintiffs' and Defendant Pronevich's counsel met, conferred and submitted their discovery and case management report to the District Court. ECF No. 12. On February 17, 2023, the District Court issued its Order on Initial Pretrial Conference setting out the discovery dates and other applicable deadlines. ECF No. 14. Contained within the Order, the deadline for adding new parties and

---

[1] The Court shall consider the factual allegations and claims in the Amended Complaint as true. "[W]e accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff." *Kemmerly v. Hill*, 814 F. App'x 378, 383 (10th Cir. 2020) (quoting *Mayfield v. Bethards*, 826 F.3d 1252 (10th Cir. 2016).

2

amendments to pleadings was set for March 17, 2023. ECF No. 14 at 2. The Pretrial Order specifically states:

> **NEW PARTIES:** New parties *shall be joined by this date*. However, if such a request is made at a later date, all requests to join new parties will be referred to the **Magistrate Judge** for disposition.
>
> **AMENDMENTS TO PLEADINGS:** Amendments to pleadings *may be made without motion by this date*. All requests to amend pleadings *after this date* will be referred to the **Magistrate Judge** for disposition.

*Id.* (emphasis added).

Two days prior to the March 17, 2023 deadline for amendments and adding parties, and after reviewing the insurance policy provided in initial discovery, Plaintiffs filed an Amended Complaint incorporating the new parties: Carolina Logistic, Carolina Transportation, and John Does 1-3. ECF. No. 15.

Plaintiffs allege in the Amended Complaint that the Defendants failed to provide the Plaintiffs with an ordinary duty of care consistent with Wyoming law, the Federal Motor Carrier Safety Regulations, the rules of the road, and in compliance with traffic control devices. Plaintiffs further allege a breach of duty and ordinary negligence of the Defendants, specifically referencing *Respondeat Superior* and agency principles. Plaintiffs assert that the added Defendants, Carolina Logistic, Carolina Transportation, and John Does 1-3, conducted negligent hiring, training, supervising, and retention of unqualified and incompetent drivers, namely Pronevich. Furthermore, Plaintiffs allege John Does 1-3 negligently entrusted Carolina Logistic and Carolina Transportation to haul freight and failed to ensure the entities hired, and its drivers, were competent, safe, and qualified. Plaintiffs are requesting damages for Defendants' negligence and coverage of Plaintiffs' medical expenses.

After filing the Amended Complaint adding the parties in question, Plaintiffs filed the Motion for Leave to Join New Parties on the same date. ECF No. 16.

### MOTION FOR LEAVE TO JOIN NEW PARTIES [ECF NO. 16]

The Motion for Leave to Join New Parties requests the Court to approve the addition of Defendants: Carolina Logistic, Carolina Transportation, and John Does 1-3, with the addition of new claims in Plaintiffs' Amended Complaint surrounding the accident on Interstate 80. ECF Nos. 15, 16. Carolina Logistic and Carolina Transportation are the potential employers of Plaintiffs and Defendant, Pronevich. John Does 1-3 are the unknown individuals or companies that utilized Carolina Logistic and Carolina Transportation to haul their freight. Plaintiffs opine that they did not need to ask leave of court to add the new parties, rather they filed the Motion out of an abundance of caution since the Order on Initial Pretrial Conference did not specifically state they could add parties without leave of court.

### RESPONSE [ECF NO. 21]

Defendant Pronevich, through counsel, objects to the added parties in the Amended Complaint and argues that the new parties involving new allegations are time barred by the statute of limitations. Defendant further argues the pretrial deadlines in the Order did not allow for additional parties to be added without leave of court and Plaintiffs' decision to not incorporate the newly added parties in the original complaint was tactical, not mistake. Finally, Defendant argues Plaintiffs' counsel failed to properly meet and confer regarding the Motion itself. Defendant asserts for all the reasons mentioned above, the Motion should be denied.

### REPLY [ECF NO. 24]

Plaintiffs' Reply presents four arguments why the addition of Defendants, Carolina Transportation, Carolina Logistic, and John Does 1-3, is proper. Moreover, Plaintiffs' Reply included a three-page affidavit from Plaintiffs' original counsel, Steven Weier, explaining why the added Defendants were not included originally.

First, the Plaintiffs assert the Order on Initial Pretrial Conference governs any amendments and new parties. Plaintiffs point to the deadlines set out for an amended complaint and the joining of new parties are the same. Further, although the paragraph setting out the parameters of joining new parties does not indicate "with or without leave of court," the following paragraph states

amended complaints may be filed without leave of court. Plaintiffs opine that there would be an inconsistent result if Plaintiffs were required to request leave of court to add new parties yet be allowed to amend their complaint. Finally, Plaintiffs surmise that the newly added parties may object to their addition to the case when the time comes.

Second, Plaintiffs assert the statute of limitations should not be an issue because the Amended Complaint should relate back to the initial filing of their Complaint and the accident. Plaintiffs point to the inconsistent communication and information provided to both Plaintiffs' original and subsequent counsel, causing a "mistake as to the identity of the proper parties." ECF No. 24 at 5. Plaintiffs cite to Fed. R. Civ. P. 15(c)(1)(C)(ii) and the Supreme Court case, *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010), as supporting their stance regarding mistake.

Third, Plaintiffs assert their motivation in adding the additional parties is based on their understanding of who the proper parties are currently and is proper. Plaintiffs' final argument regarding the Response deals with the assertion by defense counsel that Plaintiffs' counsel did not confer with him. Plaintiffs' counsel argues that they made a good faith attempt to contact defense counsel but received an auto-reply email stating he was conducting depositions all day and would not return to the office until the following day. Plaintiffs' counsel points to the right to amend and add parties without conferring or asking leave of court within the Order on Initial Pretrial Conference, the attempt to contact both counsel of record for Defendant, and the likelihood of still filing the Motion without agreement of defense counsel, results in any conference being moot.

### RULING OF THE COURT

The issue before the Court is whether Plaintiffs are permitted to join additional parties in their Amended Complaint, over Defendant's objection, while still within the Order on Initial Pretrial Conference's deadline. The Federal Rules of Civil Procedure provide that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be denied if a court finds "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). The District Court's pretrial order

5

allowed for the amendment of pleadings without further leave of the court or motion. Plaintiffs' Amended Complaint was filed prior to the deadline.

Defendant opposes Plaintiffs' Motion for Leave to Join New Parties claiming futility, improper motive, and a failure to confer.

**FUTILITY**

Defendant argues that adding Carolina Logistic, Carolina Transportation, and John Does 1-3, would be futile as the statute of limitations ran on November 24, 2022, four years after the accident. However, in the *Barker* case cited below, the Tenth Circuit Court of Appeals clearly outlines the requirements for adding another party.

> Federal Rule of Civil Procedure 15(c) governs when an amended pleading 'relates back' to the date of a timely filed original pleading; when it does relate back, the amended pleading itself is timely even though it was filed outside an applicable statute of limitations. Where an amended pleading changes a party or a party's name, Rule 15(c) requires, among other things, that within the period provided by Fed. R. Civ. P. 4(m) for serving the summons and complaint, the party to be brought in by amendment . . . **knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.** Fed. R. Civ. P. 15(c)(1)(C)(ii). Relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading. In other words, Rule 15(c)(1)(C)(ii) asks what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint. **The focus is on what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint against the first defendant.**

6

*Barker v. Utah Dep't of Envtl. Quality*, No. 21-4024, 2022 U.S. App. LEXIS 2667, at *6-7 (10th Cir. Jan. 28, 2022) (internal quotations removed—citing *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010)) (emphasis added).

From Plaintiffs' counsels' multiple attempts to contact AmTrust, lack of information provided by AmTrust or Defendants, Carolina Logistic and Carolina Transportation, and having Plaintiffs' counsel contact the newly added parties prior to the filing of the original Complaint—Defendants, Carolina Logistic and Carolina Transportation, knew or should have understood their involvement in this case when Plaintiffs filed the original Complaint within the statute of limitations. The Amended Complaint should relate back to the original Complaint for purposes of any statute of limitations on the action. Additionally, with the Order on Initial Pretrial Conference, it is apparent the case is at the beginning stages of litigation. The Defendant has not set forth any prejudice to him by allowing the additional parties. Once added, the new parties will have the opportunity to address any deficiencies that they think may apply to them. Therefore, the Court does not find that adding new parties would be futile.

**IMPROPER MOTIVE**

Furthermore, the Court accepts Plaintiffs' assertion of mistaken identities as to the added parties and failing to understand the employment classification of Plaintiffs and Defendant Pronevich. The determination of independent contractor versus employee, and determining liability for each, depend on a multi-factor test, as explained by *Morgan v. Baker Hughes, Inc.*, 947 F.3d 1251 (10th Cir. 2020) and in *Merit Energy Co., LLC v. Horr*, 2016 WY 3, ¶ 18, 366 P.3d 489, 496 (Wyo. 2016). With that test in mind, the Court does not find any dilatory motive by the Plaintiffs since, "Plaintiffs believed that Pronevich was an independent contractor and as a result [the newly named Defendants] could not be held liable for Pronevich's negligence." ECF No. 24 at 7. In addition, the insurer and Defendant's counsel contributed to this confusion. Therefore, the Court does not find that Plaintiffs had an improper motive for adding the new parties.

**FAILURE TO CONFER**

Under Local Rule 7.1(b), parties are required to confer prior to the filing of any non-dispositive motion and "a motion may be summarily denied for failure to certify conferral." While


7

Plaintiffs may not have allowed much time for counsel to respond to their request to confer on the Motion for Leave to Join New Parties, they did attempt to contact both counsel for Defendant. The Court finds that denying the Motion would be a drastic result for a lackluster attempt to confer. And again, Defendant has shown no prejudice to himself by this lack of conferral.

## Conclusion

Based on the reasoning above, IT IS HEREBY ORDERED that the Motion for Leave to Join New Parties is GRANTED.

Dated this 13th day of April, 2023.

_Stephanie Hambrick_

STEPHANIE A. HAMBRICK

United States Magistrate Judge